IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30245
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD A. SHERLOCK, ET AL.,

Defendants,

RICHARD A. SHERLOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CV-1867-K)
_____
December 18, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this tax protester case, Richard A. Sherlock objects on

multitudinous grounds to the district court's reduction of his tax

liabilities to judgment. After a thorough review of the record and

a close study of the briefs, we conclude that Sherlock's arguments

are all without merit.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sherlock's principal complaint is that the district court lacked subject matter jurisdiction over this case because of a technical error on the part of the government. Specifically, he argues that the government never presented evidence that the suit had been properly authorized by a delegate of the Secretary of the Treasury and a delegate of the Attorney General pursuant to 26 U.S.C. § 7401. Although such an error would indeed deprive the district court of jurisdiction, the record is clear that the government did produce the appropriate authorization letters, albeit with some delay.[1]

Sherlock next contends that jurisdiction was lacking because the government failed to produce Form 23C in proof of his tax assessment. There is, however, no connection between Form 23C and the district court's jurisdiction. With regard to proof of the tax assessment itself, this court has specifically held that Form 4340 is sufficient to establish a presumptively valid tax assessment. United States v. McCallum, 970 F.2d 66, 71 (5th Cir. 1992). In this case, the government produced Form 4340, so there is no merit to this argument either.

---

[1]The record reveals that the government initially responded to Sherlock's discovery request for the authorization letters with a claim of privilege. We note that it is a very questionable litigation tactic to ever refuse to produce evidence of a necessary prerequisite for jurisdiction. Nonetheless, in the instant case, the letters were produced eventually, and well before the district court ruled on its jurisdiction.

Sherlock next argues that the district court erred by applying a federal statute of limitations to the government's claim instead of the shorter Louisiana statute. This court has held, however, that the United States is not bound by state statutes of limitations in such cases, and that the federal statute applies. United States v. Fernon, 640 F.2d 609, 612 (5th Cir. 1981).

Sherlock next argues that the district court clearly erred in a number of its factual findings with regard to his ownership interests in various property. The record, however, reveals the district court's findings to be well founded and Sherlock has presented no specific arguments to the contrary. As such, the district court's findings regarding the property on which the government may foreclose are not clearly erroneous.

Finally, Sherlock's additional arguments that the district court erred with respect to the res judicata effect of the underlying Tax Court decision, that jurisdiction is lacking due to the government's failure to publish various information in the Federal Register, and that the district court erred by proceeding with this case after the bankruptcy court lifted its automatic stay are entirely without legal foundation.

Accordingly, the judgment of the district court is

A F F I R M E D.